# WINSTON & WINSTON, P.C.
## ATTORNEYS AT LAW

ARTHUR WINSTON*  
JAY WINSTON **  
*Admitted in NY  
**Admitted in NY, NJ and CT  

295 MADISON AVENUE, SUITE 930  
NEW YORK, NEW YORK 10017  
212-532-2700  
FAX 212-532-2722  

The Honorable J Vitaliano  
United State District Court  
Eastern District Court of New York  
100 Federal Plaza, Central Islip, NY 11722  

May 25, 2007

Moore v. Diversified Collection Services, Inc.  
Case # 07-0397

**Defendant's Reply to Plaintiff request to Dismiss Plaintiff's Counterclaim**  
**Plaintiff's Motion request to file a Motion to Dismiss pursuant to Rule 12(c) or 12(b)(6)**

### History of the Case

This case involves a student loan obligation (See exhibit "A"). The defendant did not pay the debt. The U.S. department of Education exercised its rights pursuant to 20 U.S.C.A. 1095a and instituted an administrative wage garnishment. The plaintiff ignored the government notices and did not request a hearing. The plaintiff claims that she lost her job due to this administrative wage garnishment and suffered related damages for this act. Plaintiff instituted suit (See exhibit "B").

The defendant reviewed the case and determined that there were several deficiencies with the complaint. Defendant sent plaintiff a letter date 4/2/07 and a proposed answer with affirmative defenses and a counterclaim. (See Exhibit "C") The letter and counterclaim provided the statutory basis and case law to support the counterclaim as well as the grounds to dismiss. The defendant provided the plaintiff an opportunity amend the complaint. On 4/13/07, the defendant spoke with the plaintiff's who was unwilling to settle or make a counteroffer. The defendant requests a settlement conference.

35 days later, defendant has now requested leave to dismiss plaintiff's counterclaim. The plaintiff has failed to address the case law and arguments that are stated in the counterclaim and the letter. The plaintiff's own case law supports defendant's counterclaim and case law that the case was brought in bad faith.

### Argument

### I. Reply to Plaintiff request to Dismiss Plaintiff's Counterclaim

1) Acts that constitute basis of the counterclaim
   a. Inflating Damages (See Wherefore clause of complaint)
      i. Treble damages are not provided for under the FDCPA

      ii. <u>$1000 per violation</u>: Established case law states a maximum of $1000 per plaintiff per *proceeding* (see *Dowling v. Kucker Kraus & Bruh, LLP,* 2005 U.S. Dist. LEXIS 11000, at *9-11 (S.D.N.Y. 2005) and the plaintiff's case *Kuhn v. Account Control Technology,* 865 F.Supp 1443 (D.Nev 1994)
      iii. No actual damages exist.
      iv. Falsely implying a class action claim may exist (Paragraph 1 of the complaint)
   b. Wrong party was sued – Alleged acts were committed by third parties
      i. The U.S Department of Education institutes all wage garnishments under <u>20 U.S.C.A. 1095a</u>
      ii. The former employer violated federal law by terminating the defendant
   c. Proximate Cause cannot be proved. An agent is not liable for the acts of the disclosed principal or 3rd parties *See Benatoivh v. Propis Agency,* 224 A.D. 2d 998, 637 N.Y.S.2d 551 (NY App. 4th Dept. 1996).

2) Clearly inflating damages is a form of harassment and discourages settlements. The damages are sought in bad faith as plaintiff has notice of plaintiff's case law and has failed to amend the complaint or withdraw the claims. Instead of amending his complaint, or dismissing the action he has filed this unnecessary request, to put the defendant under a short time frame to reply and cause additional unnecessary attorneys fees to be incurred by the defendant.

### Applicable Case Law

1) Defendant does not challenge the holding of *Stoddard v. Nationwide Recovery Serv.,* 2003 DNH 202 (D.N.H. 2003), cited below.
2) In *Harris v. Steinem,* 571 F.2d 119, 123-124 (2nd Cir. 1978), the counterclaims involved state law issues (libel) and the court held that the logical relationship between the complaint and counter-claims were too attenuated and were dismissed.
3) The *Kuhn* decision is not applicable because it involves a counterclaim alleging *abuse of process,* which is a different cause of action. Further, the case is from another circuit and also pre-dates the *Emanuel* decision cited below.
4) 11 years after *Harris,* the 2nd Circuit ruled on facts similar to this case in *Emanuel v. American Credit Exchange, 870 F.2d 805 (2d Cir. 1989).* <u>The court stated in *Emanuel* "[i]n any event, the counterclaims may be considered as factually- and legally-based claims brought in good faith to recover costs and attorney's fees for harassment under the provisions of section 1692k(a)(3).</u>" The *Segelnick v. MVC* case is unpublished and has not be furnished to the court by the defendant and must be ignored.
5) The court in *Leatherwood v. Universal Business Service Co.,* 115 F.R.D. 48 (W.D.N.Y. 1987) denied the plaintiff motion to dismiss the counterclaim.

### Summary

Clearly case law establishes counterclaim and a logical relationship is present as the statute provides for the relief and the relief occurs if the plaintiff engages in acts of harassment or bad faith. The defendant's counsel regularly represents consumer attorneys and is aware of the case law and the deficiencies in his complaint.

Under this theory, Rule 11 sanctions would also have to be brought as a separate lawsuit, which is incorrect. *Fairness is implied for both parties*. Section 1692k(a)(3) of the statute was created to prevent abusive practices by the plaintiffs and provided grounds for a counterclaim; falling within the ancillary jurisdiction of the court to hear counterclaims. *See Emmanuel*, 870 F.2d at 809.

In *Stoddard v. Nationwide Recovery Serv.*, 2003 DNH 202 (D.N.H. 2003), the court held that the request for relief under § 1692k(a)(3) may be made in either a counterclaim or by motion at the conclusion of the litigation. Further, that whether brought as a counterclaim or by motion, the matter will be decided by the court only after the litigation has been resolved (i.e. once determined whether Plaintiff's claim are without merit and were brought in bad faith). Thus, it is premature to dismiss such claims at this point in time.

The plaintiff should be required to reply to the counterclaim so that defendant will have further evidence of the plaintiff's bad faith and harassment. In the alternative the defendant can amend the complaint or dismiss the action. The counterclaim acts as a counter-balance to prevent overtly abusive practices such as inflating damages. <u>Such unfettered acts discourage settlements</u>. The counterclaim also acts a reminder that baseless claims should not be pursued during the case.

## II. Defendant's request to file a Motion to Dismiss pursuant to Rule 12(c) or 12(b)(6) or that Plaintiff be order to replead

Pursuant to *Bell Atlantic Corp. v. Twombly*, 2007 WL 1461066 (U.S. 2007), defendant has failed to state a cause of action upon which relief can be granted. The U.S. Supreme Court held that
> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

Plaintiff's Complaint is confusing and provides only conclusory allegations and fails this test
1) The Plaintiff alleges that defendant caused plaintiff to lose her job, but said acts were performed by third parties. The defendant is the wrong party
   a. As stated previously, Plaintiff complaint states that third parties contacted the defendant's employer and that third parties caused the plaintiff to lose her job,
   b. The U.S. Department of Education initiates, controls and terminates garnishment pursuant to <u>20 U.S.C.A. 1095a</u>. The defendant is the wrong party who caused her to lose her job. There are special rules and regulations regardng administrative garnishments, The garnishee can request a hearing within 15 days of the government's notice to stop the garnishment, but failed to do so.
2) Paragraph 9 stated that the defendant was sending misleading notices to the actual *creditor*.
   a. No notices are attached and if they were attached, they are not relevant.

3) The plaintiff claims that the June 27th, letter, which is attached to complaint violates the FDCPA as it overshadows the validation notice.
   a. This argument fails because the letter only stated an administrative wage garnishment "may" occur. No action was threatened to occur within the first 30 days, so no overshadowing occurred. *See Harry v Pentaggroup Financial, 2007* U.S. Dist. LEXIS 17821, at *9-10 (E.D.N.Y. 2007), where the court found the language "if payment is not made in a timely manner, further collection activity *may* be instituted" (emphasis added) could not be read by even the least-sophisticated consumer to mean immediate payments and that it did not overshadow the consumer's FDCPA validation rights.

4) Defendant's remaining claims merely involve a dispute as to the balance owed. A dispute as to the balance is not an FDCPA violation, but a conclusion. More must be plead pursuant to the *Bell Atlantic Corp.* decision, this claim must fail. Mere allegations or speculation is insufficient. Plaintiff admits that she had an obligation with the U.S department of Education. The promissory note, like all government notes provide for the recovery of collection fees, and other fees. Enforcing a contract cannot be wrongful, arbitrary and deceptive. Further, case law established that offering to settle for less than the full amount is not an FDCPA violation. *See Soffer v. Nationwide Recovery Sys., 2007,* U.S. Dist. LEXIS 28979 (E.D.N.Y. 2007).

5) Furnishing a further demand for payment, when payment is not received, is not a deceptive or false act, and is merely a conclusion. A dispute as to the balance owed is not a FDCPA violation. Defendant alleges acts of third parties, not my client. More must be pled. Otherwise every lawsuit is arguably a FDCPA violation because both parties disagree as to the balance due. Further, under plaintiff's alleged theory, every case in which a debt collector recovered less than the amount sued for, would arguably be an FDCPA violation. The FDCPA was not intended or designed to regulate these issues, nor enable plaintiff's counsel to engage in strike suits.

Plaintiff has several rights under Federal law. She chose to sit on her rights, and thus was garnished. Other parties may have caused her damages, but not the defendant. In summary this is a case of lack of meaningful involvement by the Plaintiff's attorney in reviewing the case, preparing the Complaint and in making his motion is dismiss the counterclaim. Defendant respectfully requests that Plaintiff's request to file a motion to Dismiss the Counterclaim be denied and that leave to Dismiss the Complaint be granted.

Very truly yours,

Winston & Winston, P.C.
By: Jay Winston
Direct: 212-532-2700 ext. 106

JW:cn
Enclosures