# WINSTON & WINSTON, P.C.
## ATTORNEYS AT LAW

ARTHUR WINSTON*           295 MADISON AVENUE
JAY WINSTON **           NEW YORK, NEW YORK 10017
*Admitted in NY                 212-532-2700
**Admitted in NY, NJ and CT      FAX 212-532-2722

June 12, 2007

The Honorable J Vitaliano
United State District Court
Eastern District Court of New York
100 Federal Plaza,Central Islip, NY 11722

Moore v. Diversified Collection Service, Inc.
Case # 07-0397

### Re: Defendant Diversified Collection Service, Inc.'s Reply to Plaintiff's Letter

Plaintiff's letter filed on June 8, 2007 side steps and completely ignores all issues and legal support Defendant raised in its prior 2 letters. (See attached letters without exhibits). Instead, Plaintiff's letter attempts to allege new facts and theories not contained in the complaint.

Plaintiff has not challenged the applicable case law cited by Defendant. Rather than address the deficiencies with the complaint, Plaintiff seeks discovery to avoid having to address them. However, Plaintiff has failed to file his Rule 26(a) Initial Disclosure by June 8, 2007 as agreed by the parties.

Plaintiff ignores the Defendant's legal theories that:
1. The complaint is defective for pleading mere conclusory statements. See Bell Atlantic Corp. v. Twombly, 2007 WL 14610066 (U.S. 2007), holding that pleadings require more than mere conclusions.
2. Defendant is a wrong party to the action for the relief requested in the complaint – complaint alleges damages due to being terminated by former employer, who is a proper party.
3. An agent is not liable to third parties for the acts committed by its disclosed principal. See Benatoivh v. Propis Agency, 224 A.D.2d 998, 637 N.Y.S.2d 551 (4th Dept. 1996).
4. An administrative wage garnishment is instituted by the U.S. Department of Education pursuant 20 U.S.C. 1095a, not by the collection agency.
5. The court determines whether Plaintiff's conducts constitutes bad faith at the end of the case. It is premature to strike Defendant's counterclaim. See Emmanual v. American Exchange Credit, 879 F.2d 805 (2nd Cir. 1989); and Stoddard v. Nationwide Recovery Serv., 2003 DNH 202 (D.N.H. 2003).
6. Plaintiff's exhibit attached to its complaint is the U.S. Department of Education's notice of the wage garnishment. The notice disclaimed that its records might not reflect actual payments made and Plaintiff may inquire further to correct inaccurate information. Rather than further inquiry to help resolve the problem, Plaintiff instituted legal action for damages.

In short, Plaintiff's complaint remains defective. Whether the pleadings within the four corners of the complaint are true, they are self-contradicting and fail to allege a cause of action upon which relief may be granted. Plaintiff's request for discovery is irrelevant as to whether the

complaint on its face is defective and subject to dismissal under the standard of Rule 12(b)6. Thus, Plaintiff's motion to strike the counterclaims and defenses should be denied. Defendant's request to file a motion to dismiss should be granted unless Plaintiff dismisses the action.

Very truly yours

/s/ Jay Winston\_\_\_\_
Winston & Winston, P.C.
By: Jay Winston (Bar # 3477)
295 Madison Ave., Suite 930
New York, NY 10017
Tel:   212-532-2700 ext. 106
Fax:   212-532-2722

JW:cn
Enclosures