UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE MOORE,

                Plaintiff,        **ORDER**

   - v -

                                  CV-07-397 (ENV)(VVP)

DIVERSIFIED COLLECTION SERVICES, INC.,

                Defendant.
------------------------------------------------------------x

## I.

The plaintiff seeks rulings concerning the sufficiency of the defendant's responses to certain interrogatories and document requests propounded in the Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents. The defendant has submitted opposition to the plaintiff's request. Upon review of the various discovery requests at issue and the responses thereto, the court makes the following rulings:

*Interrogatory 2 (incorrectly identified in the plaintiff's letter as interrogatory 11)*: the defendant's objection that the interrogatory is overly broad is sustained. The request seeks the identities of and other information about every person who "authorized, approved, or was aware" of letters "similar" to the ones received by the plaintiff. The plaintiff does not explain how information beyond the identity of the person or persons who actually authorized and approved the letters actually sent to the plaintiff is reasonably calculated to lead to evidence admissible at trial. *See* Fed. R. Civ. P. 26(b)(1).

*Interrogatory 15:* The defendant's objection that the interrogatory is overly broad, unduly burdensome and vague is sustained.

*Interrogatory 18:* The defendant's response is sufficient.

*Document Request 4:* The defendant's objections on grounds of overbreadth and vagueness are overruled. The objection on grounds of burdensomeness is not supported by any evidence demonstrating burden. The defendant shall produce all requested material for inspection and copying.

*Document Request 5:* The defendant's objection that the information requested is not reasonably calculated to lead to admissible evidence is sustained. *See* Fed. R. Civ. P. 26(b)(1).

*Document Request 6:* The defendant's objection on grounds of vagueness is overruled. The defendant shall produce all requested documents for inspection and copying. (The defendant contends that all of the documents were "disclosed . . . in prior papers filed with the court." That is not sufficient production. Indeed, the defendant should not file any discovery with the court other than in connection with disputed issues on motions. Fed. R. Civ. P. 5(d)(1).)

*Document Request 7:* The defendant's objection on grounds of overbreadth is sustained.

*Document Request 8:* The defendant's objections on ground of overbreadth and on the ground that the information sought is not reasonably calculated to admissible evidence are sustained.

Production of documents for inspection and copying pursuant to the above rulings shall be made within 20 days.

## II.

The defendant's letter in response to the plaintiff's application asserts that the plaintiff has failed to comply with the automatic disclosure obligations required by Rule 26(a)(1) in certain respects. Although the defendant does not request the court's intervention with respect

to those matters, the court will deem the letter a cross-motion to compel more complete disclosures. Any response to the cross-motion must be filed by December 30, 2008.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
December 23, 2008