UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE MOORE,

    Plaintiff,

  - against -

DIVERSIFIED COLLECTION SERVICES, INC.

    Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

07-cv-397-ENV-VVP

**VITALIANO, D.J.**

  Plaintiff Marie Moore commenced this action against defendant Diversified Collection Services, Inc. ("Diversified") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA" or the "Act"). Moore asserts that Diversified violated four provisions of the Act, §§ 1692d, 1692e, 1692f, and 1692g, in connection with its alleged attempts to collect a debt owed by Moore to the United States Department of Education ("DOE"). Diversified asserts a counterclaim against Moore for attorney's fees and costs under § 1692k of the Act, and has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Moore opposes Diversified's dismissal motion and cross-moves to dismiss the counterclaim.

  For the reasons that follow, the Court grants Diversified's motion to dismiss Moore's claims under §§ 1692d, 1692f, and 1692g, but denies the motion as to Moore's claim under § 1692e. Diversified's counterclaim under § 1692k is dismissed.

I.  **BACKGROUND**

At some time prior to the commencement of this action, Moore incurred a debt to DOE and DOE retained Diversified to collect it. Moore alleges that Diversified sent her letters in an effort to collect the debt, including one dated June 27, 2006, which is attached to the complaint (the "June letter"). Moore asserts that the June letter contains various threats, including that legal action could be taken against her and that her wages might be garnished, if she did not pay the debt. The June letter indicates that Moore's obligation totaled $4,539.86 -- the sum of a principal balance of $2,573.30, $1,058.59 in interest, and $907.97 in fees and costs.

On October 17, 2006, DOE sent a letter to Moore's then-employer informing it that Moore had been identified as owing a delinquent nontax debt to the United States, and therefore was subject to wage garnishment under the Debt Collection Improvement Act (the "October letter"). The October letter enclosed an order directing the employer to withhold a portion of Moore's pay each pay period and to forward those amounts to DOE. The employer subsequently forwarded the letter and wage garnishment order to Moore but apparently did not garnish her wages at that time.

In an effort to avoid further complications with regard to the wage garnishment, Moore says she immediately contacted Diversified and attempted to settle the outstanding debt. Moore alleges that she spoke with an agent of Diversified named Jennifer Woods on November 14, 2006 and discussed settlement of the obligation. Moore states that she asked Diversified if she could settle her debt for a reduced amount and told Woods that DOE had previously provided her with documentation indicating that she could satisfy the obligation for $3,611.58. According to Moore, Woods told her that she could settle the debt by paying yet another sum, $3,631.89, and allegedly promised that her wages would not be garnished if she did so. Moore agreed, and

advised Woods that she would pay the settlement amount using a voucher authorized by AmeriCorps, an organization of which Moore was a member. Later that day, in reliance on her conversation with Woods, Moore transmitted to Diversified the voucher, endorsed in the amount of $3,631.89, as payment in full.[1]

Shortly after the telephone call with Woods, on November 25, 2006, Moore's employer received another letter from DOE (the "November letter"), which Moore also attaches to her pleading. The November letter reminded the employer of the earlier wage garnishment order, informed the employer that DOE had not received any payment in response to that order, and indicated that Moore still owed a balance of approximately $4,600. The November letter instructed the employer to withhold and remit portions of Moore's wages to DOE in accordance with the previous order and directed any inquiries concerning the letter to Diversified.

On about December 20, 2006, Moore's salary was garnished in the amount of $93, allegedly by, or at least at the direction of, Diversified.[2] Several days later, on December 26, 2006, Diversified sent Moore, at her request, a copy of DOE's record of her payment history (the "December letter"). Moore avers that the December letter indicated that she still owed a debt to DOE.[3]

Moore subsequently commenced this action, alleging that the amount of her debt, as represented by Diversified, was arbitrary and capricious and unlawfully inflated in order to harass her, that Diversified made misrepresentations in connection with its purported settlement

---

[1] Moore has attached to her complaint the cover page of her facsimile transmission to Diversified and a copy of the endorsed AmeriCorps voucher. Notwithstanding the allegation that Moore endorsed the voucher in accordance with and in reliance on the settlement purportedly worked out with Woods over the telephone on November 14, it appears from the face of the signed document that Moore actually dated the voucher several weeks earlier, on October 28, 2006.

[2] Moore asserts her wages were garnished at least a second time, although she provides no indication of when that event occurred.

[3] How much Moore still owed, according to the December letter, is not revealed in the complaint.

offer, that it garnished her wages despite the settlement, and that she was fired from her job as a consequence of these events.

## II. DISCUSSION

### A. Standard of Review -- Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims for relief, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555); see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 557).

A court considering a motion to dismiss under Rule 12(b)(6) must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted); see Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly to require a "plausibility standard" that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim plausible") (emphasis omitted), rev'd on other grounds, 129 S.Ct. 1937 (2009).

In deciding a Rule 12(b)(6) motion, a court may consider, in addition to the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000).[4]

## B. Moore's Claims

In order to determine whether a communication from or a collection practice employed by a debt collector runs afoul of FDCPA, courts in the Second Circuit apply a standard reflecting the perspective of the "least sophisticated consumer." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008). The purpose of the least sophisticated consumer standard is to ensure that FDCPA protects "the gullible as well as the shrewd." Id. However, in applying the standard, a court must be careful to preserve the concept of reasonableness, for the Act does not aid a plaintiff "whose claims are based on 'bizarre or idiosyncratic interpretations'" of the debt collection communications she receives. Id. (quoting Cloman v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993)). Finally, "[b]ecause the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

In this case, Moore alleges that Diversified violated four sections of FDCPA that govern the conduct of a debt collector in connection with a debt collection: § 1692d (prohibiting

---

[4] In moving to dismiss, Diversified attempts to place before the Court various affidavits, declarations, and exhibits that purportedly illuminate the deficiencies in Moore's complaint. As there is no indication that Moore relied upon these materials in bringing this action, and because they do not concern matters of which the Court may take judicial notice, the Court disregards them for purposes of this motion. See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Chambers, 282 F.3d at 152-53.

5

harassing, oppressive, or abusive conduct), § 1692e (prohibiting the use of "any false, deceptive, or misleading representation"), § 1692f (forbidding the use of unfair or unconscionable practices), and § 1692g (requiring the provision of a "validation notice" that must inform the consumer that she has certain rights, including the right to make a written request within a certain time period for verification of the debt and to dispute the validity of the debt).

As an initial matter, Moore's claims under §§ 1692d and 1692g are without merit and must be dismissed. With respect to § 1692d, Moore's bald allegation that Diversified engaged in harassing or oppressive behavior by inflating the amount of her debt is entirely conclusory and is not borne out by any factual assertion in the complaint. To the extent this claim somehow is based on Moore's assertion that she was fired from her job because of the wage garnishment order issued to the employer by DOE, her cause of action is against her former employer, under 20 U.S.C. § 1095a(a)(8),[5] not against Diversified, a party a step -- at least -- removed from the termination decision.

Likewise, Moore's claim, under § 1692g, that the June letter contains various threats that overshadow its federal validation notice, is a nonstarter. The Second Circuit has held that a collection letter will overshadow its validation notice "if it would make the least sophisticated consumer uncertain as to her rights." Russell, 74 F.3d at 35. However, no such uncertainly exists on the face of the June letter attached to the complaint, and plaintiff makes no attempt whatsoever to argue otherwise. The § 1692g claim thus must be dismissed.

Moore's § 1692e claim is, at this preliminary stage, another matter. A communication from a debt collector is deceptive in violation of § 1692e when it can be reasonably interpreted

---

[5] Section 1095a(a)(8) makes it unlawful for an employer to "discharge from employment, refuse to employ, or take disciplinary action against an individual subject to wage withholding . . . by reason of the fact that the individual's wages have been subject to garnishment" and provides a private cause of action for attorneys' fees and, at the court's discretion, reinstatement, punitive damages, and back pay.

6

"to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35. In this way, a communication that is vague or uncertain in its intended meaning may be misleading, and thus actionable, under the Act. Id. Moreover, because FDCPA is a strict liability statute, a plaintiff need not show that the debt collector intended to deceive in order to prevail on a claim that a communication is misleading. See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 63 (2d Cir. 1993); Goldman v. Cohen, No. 01-CV-5952, 2004 WL 2937793, at *9 (S.D.N.Y. Dec. 17, 2004); see generally Russell, 74 F.3d at 33.

Moore alleges that after learning of the impending garnishment of her wages, she contacted Diversified and spoke to one of its agents (Woods) about settling her debt. Moore asserts that she and Woods reached an agreement under which Moore would pay $3,631.89 in full satisfaction of her debt, and that Woods promised that, upon payment of the negotiated settlement, Moore's wages would not be garnished. Despite this alleged assurance, however, and Moore's payment in reliance on it, Diversified and DOE continued to pursue collection and Moore's wages were garnished. Accepting these allegations as true, as the Court must, Moore has adequately alleged a violation of § 1692e. Moore's complaint contains sufficient factual matter to render plausible her claim that Diversified made representations in connection with the collection of her debt -- specifically, that Woods told her that payment of $3,631.89 would constitute full satisfaction of the debt, and that her wages would not be garnished -- and that these representations were false -- because, it is alleged, Diversified did not treat the debt as satisfied, and Moore's wages were garnished.[6] Diversified, of course, disputes this story, and it

---

[6] Diversified argues in its moving brief that the complaint never actually alleges that Diversified agreed to settle Moore's debt for $3,631.89 and that Moore just assumed, in life, and in the complaint, that the debt could be resolved by payment of that amount. (Def.'s Mem. at 9-10.) To be sure, the prolixity of Moore's pleading makes navigation of it an unnecessarily complicated endeavor. But the complaint clearly alleges that Diversified offered to settle the debt for a reduced amount and that Moore agreed to tender payment in reliance on that

7

may well be that its rendition of events ultimately will prevail. Plausibility is not a synonym for probability, and if, at the summary judgment stage, Moore can do no more than she has done here -- if she cannot point to a *genuine* issue of material fact concerning the representations allegedly made by Woods on behalf of Diversified -- her claim will be dismissed. But, at the pleading stage, her allegations of false representations are sufficient to state a claim, and Diversified's motion to dismiss the § 1692e claim therefore must be denied. See Taylor v. Heath W. Williams L.L.C., 510 F. Supp. 2d 1206, 1211 (N.D. Ga. 2007); Micare v. Foster & Garbus, 132 F. Supp. 2d 77, 81-82 (N.D.N.Y. 2001).[7]

Finally, Moore alleges in conclusory fashion that Diversified violated § 1692f, the provision of FDCPA that prohibits debt collectors from engaging in unfair or unconscionable conduct in order to collect a debt. 15 U.S.C. § 1692f. Moore does not point to any misconduct by Diversified that violates § 1692f, outside of that which she identifies in connection with the FDCPA provisions reviewed above, and in her briefs to the Court she provides no argument in support of this branch of her action. Because the claim is wholly duplicative of the others and is unsupported by the complaint, it must be dismissed. See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (dismissing § 1692f claim where complaint failed to

---

offer. (Compl. ¶¶ 17-20, 23.) Whether these allegations find substantiation in evidence collected during discovery is an issue for another day.

[7] In its reply brief, Diversified argues that it did not deceive Moore, as a matter of law, because it did not have authority to negotiate the settlement of her debt over the telephone, as she alleges. (Def.'s Reply Mem. at 1-2.) Of course, the issue here is not whether Diversified had the legal or contractual authority to modify orally the terms of Moore's debt -- a question that, itself, cannot be resolved on the basis of the papers properly before the Court on the instant motion. Rather, it is whether the representations Diversified allegedly made to plaintiff in an attempt to collect the debt were false or misleading under the least sophisticated consumer standard. Russell, 74 F.3d at 35. To the extent Diversified argues that an oral representation by a debt collector that purports to modify the terms of a written agreement can never mislead even the least sophisticated consumer, where the debt collector lacks the legal or contractual authority to consummate the proposed modification, it cites no cases in support of such a proposition, and the Court declines to adopt it here.

"identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA") (citing Tsenes v. Trans-Cont'l Credit & Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995)); see also Taylor, 510 F. Supp. 2d at 1217 (same).

## C. **Diversified's Counterclaim**

In addition to moving to dismiss the complaint, Diversified also filed a counterclaim for attorney's fees and costs under FDCPA § 1692k, alleging that Moore commenced this action in bad faith and for the purpose of harassment. Assuming, *arguendo*, that § 1692k authorizes a defendant to bring such a counterclaim, see Spira v. Ashwood Financial, Inc., 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) (noting that "there is a split of authority on the question whether a defendant may demand attorney's fees as a counterclaim in a case filed under the FDCPA" and collecting cases), that claim must be dismissed. Plaintiff has asserted a cause of action that survives Diversified's motion to dismiss; the Court will not read into the filing of her complaint the bad faith required for recovery under § 1692k.

Notwithstanding this pre-trial dismissal of its formal counterclaim, the statutory language of § 1692k entitles Diversified to move for fees and costs at the conclusion of this action if, in good faith, it believes it can meet the applicable standard and show that Moore -- as opposed to her counsel -- initiated this action in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k; Spira, 358 F. Supp. 2d at 161 (describing the availability of a § 1692k counterclaim as "academic" because defendant "is still entitled to move for" relief at the close of the case); see also Hyde v. Midland Credit Mgmt. Inc., --- F.3d ---, 2009 WL 1587902, at *4 (9th Cir. June 9, 2009) (holding that § 1692k authorizes the award of attorney's fees and costs only against the party, as opposed to counsel).

## III. CONCLUSION[8]

For the foregoing reasons, Diversified's motion to dismiss is granted as to Moore's claims under §§ 1692d, 1692f, and 1692g, but denied as to Moore's claim under § 1692e. Diversified's counterclaim under § 1692k is dismissed.

The parties are directed to appear for a pre-motion conference on Diversified's proposed Rule 56 motion for summary judgment on July 14, 2009, at 11:15 a.m., in Courtroom 4C South.

SO ORDERED.

Dated: Brooklyn, New York
June 26, 2009

ERIC N. VITALIANO
United States District Judge

---

[8] Counsel for the parties devote a substantial portion of their respective memoranda of law to sniping over various matters that are, at best, tangentially related to the legal and factual issues before the Court. Should further motion practice occur in this action, the Court trusts that counsel will direct their energies to matters relevant to the motion.