UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE MOORE,

                Plaintiff,

         - against -

DIVERSIFIED COLLECTION SERVICES, INC.

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

07-cv-397-ENV-VVP

**VITALIANO, D.J.**

      Plaintiff Marie Moore commenced this action against defendant Diversified Collection Services, Inc. ("Diversified") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA" or the "Act"), alleging that defendant violated certain provisions of the Act in connection with its attempts to collect a debt owed by Moore to the United States Department of Education ("DOE"). Diversified moved to dismiss the complaint and by Memorandum and Order dated June 26, 2009 (the "June 26 opinion"), the Court granted the motion except as to Moore's claim under FDCPA § 1692e, which survives. Presently before the Court is Moore's motion to amend her complaint to add claims under §§ 1692g and 1692j. Diversified opposes the motion on the ground that the proposed amendments would be futile. For the reasons that follow, the Court denies Moore's motion for leave to amend the complaint.

**I.**    **DISCUSSION**

**A.**    **Standard of Review for Leave to Amend**

      Federal Rule of Civil Procedure 15(a) permits a party who is no longer eligible to amend her pleading as a matter of course to do so with the written consent of the opposing party or "by

leave of court." While "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court has broad discretion to decide whether to allow an amended pleading and properly may deny leave when the party's proposed amendment would be futile. In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187, 220 (2d Cir. 2006); Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000). A proposed amendment will be futile if it does not give rise to a claim that can withstand a motion to dismiss pursuant to Rule 12(b)(6). Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2001).

### B.  The Proposed Amendments

Moore requests leave to replead her claim -- initially dismissed as conclusory in the June 26 opinion -- that Diversified violated § 1692g of FDCPA.[1] Section 1692g requires a debt collector to provide a "validation notice" that informs the consumer that she has certain rights with respect to the collection process, including the right to make a written request within 30 days for verification of the debt and to dispute the validity of the debt. 15 U.S.C. § 1692g. Governing precedent in the Second Circuit holds that a debt collector "violates § 1692g[], even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 90 (2d Cir. 2008). An otherwise valid notice will be found to be overshadowed or contradicted if the debt collector's communication, viewed in its totality, "would make the least sophisticated consumer uncertain as to her rights." Russell v. Equifax

---

[1] As noted elsewhere, Moore also requests leave to add a claim under § 1692j. Section 1692j seeks "to prevent the abusive practice known as 'flat-rating'", Orenbuch v. North Shore Health Sys., Inc., 250 F. Supp. 2d 145, 150 (E.D.N.Y. 2003) -- a practice, the Court notes, which is not at all at issue in this case as it is presently styled. Notwithstanding that, plaintiff has not provided in her brief the legal basis for an amendment under this section, nor any other indication of how such a claim might fit in any subsequent pleading. Accordingly, her motion to replead to add a § 1692j claim is denied.

2

A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("[w]hen determining whether § 1692g has been violated, an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector, is applied"). In this vein, Moore seeks permission to argue that Diversified sent her two collection letters, dated June 27, 2006 (the "June letter") and July 12, 2006 (the "July letter"), that contain language which obscures her rights under FDCPA and thus overshadows the letters' otherwise sufficient validation notices.

Both letters are properly before the Court on the instant motion. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (in deciding a motion to dismiss, a court may consider, in addition to the pleading itself, documents that are referenced in the complaint and documents that the plaintiff relied on in bringing suit); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). The June letter is a single sheet in length with text on both sides. The back page contains, in large font and with the heading "IMPORTANT NOTICE OF RIGHTS", the validation notice mandated by § 1692g. The front page identifies the amount of Moore's debt to DOE as of the date of the letter and notes, with respect to that obligation:

> Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount [indicated in the letter], an adjustment may be necessary after we receive your check, in which event we will inform you For further information on your balance, write to [Diversified] or call the toll-free number provided above.

The front page of the letter includes several additional paragraphs of text, which read, in pertinent part, as follows:

> This letter is to notify you that [Diversified] has commenced collection efforts regarding your debt referred by [DOE].
>
> Due to your failure to honor your obligation with your original lender, the entire unpaid balance of your loan is due and payable. Your defaulted loan(s) may have been reported to all national credit bureaus, which could inhibit your ability to obtain future credit.

3

> Furthermore, should you continue to refuse to pay this debt while employed and/or possessing other assets, [DOE] may authorize the initiation of wage garnishment proceedings, authorized by the Debt Collection Improvement Act . . . or your account may be referred to the U.S. Department of Justice for legal action.
>
> However, if your financial situation warrants such consideration, we have been authorized to substantially reduce the amount on the above-referenced account and cease any further collection efforts if your account is paid in full or assist you in establishing a possible repayment program on your loan. To take advantage of this offer, you should telephone your [Diversified] account representative . . . to discuss your eligibility to participate in this program and obtain your current payoff balance.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The front page of the June letter concludes by referring the reader, in bold, block letters, to the validation notice located on the reverse side.

Similarly, the July letter spans both sides of a single sheet. The reverse side contains a validation notice identical to the one included in the June letter. The front side identifies the balance of Moore's debt, including the proviso regarding interest and other charges quoted above, and states, in relevant part:

> As you know, [Diversified] has been retained to secure the total recovery of the debt you owe [DOE]. You may have noticed that your financial obligation has increased substantially due to the penalties of default, which is reflected in the total balance above.
>
> On a more positive note, our client has authorized us to waive a portion of your past due amount should you be in the position to secure the remaining balance. To take advantage of the offer and voluntarily retire your obligation, you must telephone your [Diversified] account representative . . . within ten (10) days from the date of this letter to verify your reduced payoff balance and determine your payment due date. Your account representative can also assist you if you are not

in the position to pay your loan in full but wish to enter into an affordable payment program and avoid the ramifications of non-payment.

The July letter, like its predecessor, concludes its first page with a bold, block letter instruction to read the validation notice on the reverse side.

C. <u>Analysis</u>

Moore does not dispute that the June and July letters contain the required validation notice. Rather, she argues that the letters, viewed in their totality, contain language that overshadows the notices and impermissibly creates confusion as to her right to dispute the debt. Diversified, on the other hand, rejects this assessment and contends that the numerous complaints leveled by plaintiff at the text of the June and July letters are misplaced.

The Court agrees with Diversified and concludes that the letters comply with FDCPA's requirements. First, the letters clearly state and adequately describe the amount of plaintiff's obligation to DOE, including interest and other charges. Indeed, they do so using model language created and endorsed by the Seventh Circuit. <u>See</u> <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214 F.3d 872, 876 (7th Cir. 2000) (providing safe harbor language that "satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day"). Moore's contention that the letters described her obligation using impermissibly confusing or vague terms is without merit.

Second, the letters do not run afoul of FDCPA merely by noting that Moore's obligation to DOE was "due and payable," nor by their assertion that her continued refusal to pay the debt could result, at some indeterminate time, in ramifications including wage garnishment, a negative credit report, and legal action. Section 1692g's 30-day window in which to dispute the validity of a debt "is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." <u>Jacobson</u>, 516 F.3d

5

at 89. It is only when a "demand for payment obscures the right to dispute the debt within 30 days is an issue of 'overshadowing' raised." Weber v. Computer Credit, Inc., 259 F.R.D. 33, 39 (E.D.N.Y. 2009); Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 664 (S.D.N.Y. 2006) ("nothing in the FDCPA prevents a debt collector that has not received a request for validation or other reply from a consumer from continuing to attempt to collect the debt during the 30 day validation period, provided that, in so doing, it does not create the impression that the consumer has less than 30 days in which to dispute the debt") (internal quotations omitted). Here, it is undisputed that Moore never challenged the validity of her debt to DOE. Thus, Diversified was free to proceed with collection activities, so long as its efforts could not have confused the least sophisticated consumer about her rights during the 30-day period. And the June and July letters are adequate in this regard. The letters do not demand immediate payment, nor do they contain language pressuring Moore to take action within 30 days in a manner inconsistent with her validation rights. Cf. Savino v. Computer Credit, Inc., 164 F.3d 81, 85-86 (2d Cir. 1998) (letter which "insist[ed]" on "immediate payment or a valid reason for your failure to make payment," without also explaining that such a demand did not override the consumer's rights, overshadowed validation notice); Russell, 74 F.3d at 34-35 (overshadowing occurred where letter stated "if you do not dispute this claim and wish to pay it within the next 10 days we will not post this collection to your file"); Aramburu v. Healthcare Fin. Servs., No. 02-CV-6535, 2005 WL 990995, at *7 (E.D.N.Y Apr. 14, 2005) (finding that the instruction "PAYMENT DUE IMMEDIATELY" at the top of a collection letter overshadowed validation notice). Read in their entirety, the letters adopt a measured tone, free of the sort of urgency or immediacy that could have suggested to plaintiff that she was not entitled to exercise the rights elsewhere explained in the notices. See Foti, 424 F. Supp. 2d at 663 (collecting cases and analyzing § 1692g claim by

6

assessing "whether the overall tenor of the notice creates an impression of dire urgency that might confuse the least sophisticated consumer about his/her validation rights"). In the absence of such urgency, the letters' reference to and recitation of possible ramifications of non-payment are insufficient to overshadow the validation notice. See Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 159 (E.D.N.Y. 2005) (letter informing consumer that debt collector would use "every means available" to collect the debt did not violate § 1692g because letter did not state or imply that payment was due immediately); see also Peter v. GC Servs. L.P., 310 F.3d 344, 349-50 (5th Cir. 2002) ("statements that request payment or other actions with no time period specified have been found not to contradict" § 1692g); Sebrow v. ER Solutions, Inc., No. 07-CV-5016, 2009 WL 136026, at *6 (E.D.N.Y. Jan. 20, 2009) (statement that debtor's failure to resolve his delinquent account could result in debt collector reporting the account to credit agencies, which could effect his credit score, without more, did not violate § 1692g); cf. Laster v. Cole, No. 99-CV-2837, 2000 WL 306848, at *3-4 (E.D.N.Y. Mar. 20, 2000) (letter threatening to make "litigation recommendations" if consumer did not pay in seven days overshadowed validation notice); Sokolski v. Trans Union Corp., 53 F. Supp. 2d 307, 313-14 (E.D.N.Y. 1999) (validation notice overshadowed by language in letter stating "[t]o avoid damaging your credit record, please pay the amount at once").

In opposition to this line of reasoning, Moore insists that the letters do, in fact, contain language which confuses her rights by encouraging her to act within the 30-day window. Specifically, she points to the June letter's offer for her to contact a Diversified account representative to discuss her eligibility for a reduced payoff balance and the July letter's reiteration of that invitation, with the caveat that she "must telephone . . . within ten (10) days" in order to "take advantage of the offer."

Moore's reliance on this language is misplaced. What she identifies is nothing more than an offer of settlement. Such offers repeatedly have been found valid by courts in this Circuit. See, e.g., Stark v. RJM Acquisitions LLC, No. 08-CV-2309, 2009 WL 605811, at *5 (E.D.N.Y. Mar. 9, 2009); Soffer v. Nationwide Recovery Sys., Inc., No. 06-CV-435, 2007 WL 1175073, at *4 (E.D.N.Y. Apr. 19, 2007); Omogbeme v. Risk Mgmt. Alternatives, Inc., No. 01-CV-7293, 2003 WL 21909773, at *3 (E.D.N.Y. Aug. 4, 2003); Gervais v. Riddle & Assocs., 479 F. Supp. 2d 270, 278 (D. Conn. 2007). "To hold otherwise would likely dissuade debt collectors from providing consumers with discounted settlement offers -- a result that would be both 'unwise and against the consumers' best interests.'" Gervais, 479 F. Supp. 2d at 278 (quoting Sarder v. Academy Collection Serv., Inc., No. 02-CV-2486, 2005 WL 615831, at *3 (E.D.N.Y. Mar. 3, 2005)).

Nor are Moore's related assertions persuasive. The fact that the settlement offer at issue here expired within the 30-day validation period is immaterial. As other courts have noted, the consumer is free to reject such a settlement offer, in which case, she would be no worse off than where she began: liable only for the original amount of the debt. Harrison v. NBD Inc., 968 F. Supp. 837, 848 (E.D.N.Y. 1997); see also Soffer, 2007 WL 1175073, at *4; Omogbeme, 2003 WL 21909773, at *3; Gervais, 479 F. Supp. 2d at 278. Likewise, Moore's contention that the absence of a specific settlement price in Diversified's offer distinguishes it from other valid settlement offers, and mandates its rejection, is incorrect. Plaintiff can point to no authority in support of this argument, nor, in any event, is it sound in its reasoning. Indeed, it is well established that a debt collector may ask a consumer to contact it in order to resolve a debt without breaching § 1692g. See, e.g., Foti 424 F. Supp. 2d at 665 ("notices from debt collectors seeking contact from the debtor, even if requested immediately or urgently, are regularly found

to be consistent with § 1692g"); <u>Spira</u>, 358 F. Supp. 2d at 159 (a "'request that the debtor telephone the collection agency does not contradict the admonition that the debtor has thirty days to contest the validity of the debt. This language simply encourages the debtor to communicate with the debt collection agency'") (quoting <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1430 (9th Cir. 1997)); <u>Lerner v. Forster</u>, 240 F. Supp. 2d 233, 238 (E.D.N.Y. 2003). The Court finds that the inclusion of the settlement offer in the June and July letters would not cause even the least sophisticated consumer to be uncertain as to her rights described in the validation notices. Leave to add a § 1692g claim is therefore denied.[2]

## II. **CONCLUSION**

For the foregoing reasons, Moore's motion for leave to amend the complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
       January 4, 2010

_____
ERIC N. VITALIANO
United States District Judge

---

[2] The Court has considered plaintiff's remaining arguments and finds them to be without merit.