UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MARIE MOORE
                               Plaintiff,

          -against-                                         CASE NO: 07 CV 0397 (ENV)

DIVERSIFIED COLLECTION SERVICES, INC.

                              Defendant.
-------------------------------------------------------------

**DECLARATION OF AMIR J. GOLDSTEIN, ESQ. IN SUPPORT OF PLAINTIFF'S <u>REPLY</u> RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

I, Amir J. Goldstein, declare as follows:

1. I am Plaintiff's attorney in the matter above captioned and as such am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Plaintiff's Reply RE: Plaintiff's Motion for Attorney's Fees and Costs.

3. Pursuant to Defendant's Rule 68 Offer of Judgment the Defendant agrees to pay $4,001.00 to the Plaintiff, plus reasonable costs and attorneys fees pursuant to 15 USC 1692k of the Fair Debt Collection Practices Act.

4. I am currently licensed and in good standing in the State of New York, and the Eastern, Southern and Western, Districts of the State of New York. Additionally, I am an attorney licensed to practice law in the State of California and in the Central District Court of the State of California. I have been practicing law for approximately 11 years in the State of New York, and approximately 5 years in the State of California.

5. I have extensive experience in the field of consumer protection and have been practicing law in that field for the entirety of my legal career.

6. I started my own solo practice in 2005 with an emphasis on FDCPA and FCRA litigation.

7. With regard to prior representations made by the Winston and Winston Law Firm in the case of *Crapanzano v AllianceOne* (case no.11-cv-5942), attached hereto are true and correct copies of email correspondence regarding the Defense's initial position (Exhibit C-1), email correspondence regarding a proposed joint report (as well as the proposed joint report) (Exhibit C-2) and the settlement agreement (Exhibit C-3).

8. In September 2005, I entered into a payment plan with "Access Group" to repay my student loans. All payments were automatically deducted from my bank account. I never had any default on these loans, and particularly not in February 2007 when Defendant elected to report my credit four times consecutively. The affidavit of Elizabeth Franklin indicating that there reporting of my personal credit report a few days after the within Complaint was served, contains false, unreliable, ex-post facto excuses for their abusive and unlawful conduct. Attached hereto as Exhibit D is email correspondence between Plaintiff's Counsel and Jay Winston regarding the dispute over said credit report and the time frame at issue.

9. Records that have been submitted in this case were contemporaneously maintained and/or based on other business records of Plaintiff's Counsel that were also contemporaneously maintained.

10. At the April 16, 2012 settlement conference, Plaintiff's Counsel informed the Honorable Judge Pohorelsky that the contemporaneous billing records contained a small amount of supplemented information contained in other notes and business records of Plaintiff's

     Counsel and that was the reason that some entries were notated by hand and later incorporated into the Exhibit provided as Plaintiff's contemporaneous billing log. See copies of example "notes" that have been supplemented into the contemporaneous billing log as Exhibit A.

11. Some entries that were lost or misplaced over the course of the five year litigation are not included in the log and have been waived. Defense counsel has misconstrued my statements and attempt to discredit the entire billing record but the records provided by Plaintiff are either contemporaneous or based upon contemporaneous records kept in the file. *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 898 F.Supp. 116 (E.D.N.Y.,1995); *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F.Supp.2d 274 (E.D.N.Y.,2009).

12. Plaintiff's Counsel has incurred additional time in this case since the filing of the initial motion for attorneys fees. Additional hours, include time attempting in good faith to settle the matter with the Defendants and attending Court Conferences, as well as preparation of the within Reply brief. A revised billing log containing additional hours totaling **265.6** hours of billable time, has been attached hereto as Exhibit B.

13. Plaintiff's counsel also incurred costs in this action totaling **$2,342.67** representing Court fees, service of process fees, transcript costs, deposition costs and postage.

14. The hourly rate requested in this application, $300.00, is an approved reasonable hourly rate in this District for Attorneys of similar levels of experience as Plaintiff's counsel, but Plaintiff is in agreement with the Courts suggestion that a sliding scale may be applicable due to the long duration of the case and request that, if a sliding scale be applied, that all matters billed prior to 2009 be billed at $250.00 per hour, and any items billed after 2009 be billed at $300.00 per hour.

15. The total amount sought in attorney's fees and costs, (to be added to the Judgment in the sum of $4,001.00) is:

    a.   $79,680.00 in attorney's fees;

    b.   $2,342.67 in court fees and costs.

**TOTAL: $ 82,022.67(fees & costs)**

I declare under the penalties of perjury that the forgoing is true and correct.

DATED:     May 11, 2012         Respectfully submitted,

                                                 ___/S/ AJG_____
AMIR J. GOLDSTEIN, ESQ.
Attorney for the Plaintiff
166 Mercer Street, Suite 3A
New York, New York 10012
212.966.5253 telephone
866.288.9194 facsimile