R & R fax. Betsy Franklin – call to discuss

15 mins

2/21 Spoke to Betsy – no help. denies claims – talk (.6) to client make sure back up docs

follow up email (.4)

fax Winston Law (.1)

2/26

Call Jay about CREDIT REPORT. NO ANS follow up –

Spoke to Jay – says its a big mistake but he will check & call me back ASAP

follow up tomorrow – Print out copies. Pull 3 credit reports. Called AMEX to reduce limit.

Call Brian Bromberg re 2 credit reports (1.2)

CRIMINAL PENALTIES! (.6)

– followup e-mails with I.W. (.6) ~~[illegible]~~

~~[illegible]~~

3/21

Jay Winston

212 532 2722

MOORE v. DCS

ll

Rto

i

le

4/6 Review letter (1.2)
Research points & cases (1.8)
Calls client (.6)
Phones JW to discuss (.2)
Follow up → tomorrow

**WINSTON & WINSTON P.C.**
**Attorney at Law**
**295 Madison Avenue, Suite 930**
**New York, NY 10017**
**212-922-9482**
**FAX 212-922-9484**

**ARTHUR WINSTON***
**JAY WINSTON ****
***Admitted in NY**
****Admitted in NY, NJ & CT**

Amir Goldestein
591 Broadway, Suite 3A
New York, NY 10012

April 2, 2007

Dear Amir,

Please see the Answer, Affirmative defenses and Counterclaim that we are prepared to file with the court.

I am sending you this letter with the hope that you will reconsider dropping the lawsuit or agree to amend the complaint by stipulation so that the counterclaim is not necessary. As you indicated earlier, your client does not have all her facts straight and based on our prior conversation, she may not have disclosed all the facts to you.

Issue 1:
The damages sought in paragraph 28 and the Wherefore clause are not provided under the FDCPA. I think my counterclaim explains my client's position clearly.

Issue 2:
My client did not inflate the debt. I have in my possession the promissory note and have reviewed same. It is a standard government Stafford Loan promissory note that provides for the recovery of the collections costs by my client.

Issue 3:
The parties can always talk directly to one another. Your client contacted the U.S. Department Of Education, hereinafter, the "Gov't" directly, requested information, negotiated and settled with them. It is an undisputed fact that the Gov't has a legal right to use administrative garnishments. Further, no Judge would believe that a collection agency would control the Gov't and order the Gov't to insitute the garnishment. No one can tell the gov't what to do. Finally, these commuications and letters transpired over several months as admitted by your own complaint.

Facts: June 27th, 2006 my client sent a letter to your client (par. 10 of complaint)
October 19th, 2006 several months later, the Gov't contacted your client's employer. (Almost 4 months later – 145 days)

Issue 4: Your client created the situation, albeit without malice.
In paragraph 11, you state the letter from the gov't embarrassed her. As you admit, this letter was sent by the Gov't, not by my client. Thus, my client could not have caused the actual damages. Furthermore, basic principal agency law dictates that acts of the principal are not implied to the agent. In otherwords, while the principal may be liable for the agent's acts, liabilty does not flow in the reverse direction. *See Benatoivh v. Propis Agency,* 224 A.D. 2d 998, 637 N.Y.S.2d 551 (NY App. 4th Dept. 1996).

Call
Jay Wurster
– try again follow up

– [illegible] follow up
call [illegible]

Wurster

... not withdraw case
... willing to testify

4/13 phoned client – follow up stl [illegible]/no movement by D

Phone call JW – major [illegible] reason [illegible] want case dismissed – willing to [illegible]

Phoned BB [illegible] & back up docs

5/10 Call JW for Rule 26 – follow up email

5/11 follow up email JW — Busy on trial

5/15 spoke w/ JW re Rule 26 – requested withdrawal & counterclaims / try to settle – work out – [illegible]

Says he will speak to his clients & get back to me

– follow up [illegible]

Research: Leave to dismiss CC (2.5)
Draft letter CT (.5)

/25 RJC D response
   [illegible], research & verify [illegible]
   call alan for consult [illegible]

   call JW for SJ. this guy is [illegible]
            to minimize phone
   call client - follow up
/29 msg client/return call (.1)

---

*[Note attached:]*
Leave to dismiss CC
Research
STEGELNICK v. MCS
00 CV 1391 (S) 9/22/2000
KUHN v. ACCOUNT TECHNOLOGY
865 F. Supp 1443  good case

---

*[Note attached:]*
6/4/07
calls Marie Moore
say [redacted]
follow up JW
(.4)

---

/2 Rev docs /w - discussed (1.5)
   (claims there's no case)
   follow up w/ client
_____

Spoke to client /JW/[illegible] (.2)(.1)
         follow up/calls
   updated MM - gearing for conf. no need to bother client

call JW try to adjourn or et phone conf. (.1)
— no ans/follow up (.2)

check credit reports

7/6 Initial Disclosures/Served   1.

Prep outline/research/draft
opp memo to Strike
talk to ▮▮▮▮ get cases ~

7/9 [illegible lines]

8/14 finaliz motion
Draft Serve
CC - final format   5.5
Send out for services
or e/ctr?

** [redacted lines]

9/6-9/7 finish  3.0
Prepare opp memo  2.5
Research/draft reuse .35
Review & consult  .5
(9.5)

7/5 Initial Sched Conf
talk to Jay (.6)
need disclosures
check on Stewart
plans (.3)

8/15 R&R for resp
Motion Dismiss  4.5
call Jw try to discuss .3
follow up e-mail  .1

8/15
Phones
Marie Moore
▮▮▮▮  (.1)

9/20
Phoned Jay Wigler
▮▮▮▮  .4
n M mail  .3